UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**GILBERT RAMIREZ,**                      Civil No. 06-4931 (PAM/SRN)

      **Petitioner,**

      v.                                    **REPORT AND RECOMMENDATION**

**UNITED STATES OF AMERICA,**

      **Respondent.**

      Petitioner Gilbert Ramirez, Federal Correctional Institution - Sandstone, P.O. Box 1000, Sandstone, Minnesota, 55072, pro se

      Tracy Perzel, Assistant United States Attorney, United States Courthouse, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota, 55415, for Respondent

SUSAN RICHARD NELSON, United States Magistrate Judge

      This matter is before the undersigned Magistrate Judge of District Court on the petition of federal prisoner Gilbert Ramirez for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner seeks credit toward his federal sentence for the period he was removed from state custody via a federal writ of ad prosequendum until the imposition of his federal sentence.  Respondent has filed a response (Doc. No. 11) contending that Petitioner is not entitled to any relief in this matter.

      The case has been referred to this Court for a report and recommendation under 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.  For the reasons discussed below, this Court recommends that Petitioner's claims be rejected and this action be dismissed with prejudice.

## I.   BACKGROUND

On January 6, 2003, Petitioner was arrested on new charges while on parole from the State of Missouri. (Daugherty Decl. ¶ 3.) Petitioner remained in the custody of the State of Missouri after his arrest. (Id.) On August 28, 2003, Petitioner was sentenced by the State of Missouri to four years imprisonment for possession of a controlled substance. (Id. ¶ 4.) When his state sentence was computed, Petitioner received credit for the time he spent on parole and for the time he was detained by state authorities prior to his August 28, 2003 sentencing. (Id.) Petitioner remained in custody of the State of Missouri and was receiving credit toward his state sentence. (Id.)

On October 29, 2003, Petitioner was temporarily removed from state custody via a federal writ of habeas corpus ad prosequendum for federal charges brought against him on a related matter. (Id. ¶ 5, Attach. A, USMS Prisoner Tracking System Form.) On April 20, 2004, he pled guilty to possession and use of a firearm during a drug trafficking crime. (Id.)  Petitioner was sentenced for that federal crime on August 17, 2004 and is currently serving a sixty-month sentence, followed by five years of supervised release for possession. (Id., Attach. C, J. Crim. Case.)  Petitioner's federal sentence was to run concurrent with his State of Missouri sentence, which was imposed on August 28, 2003. (Id.) On August 26, 2004, Petitioner was returned to state custody. (Id. ¶ 6, Attach. D, Mem.) In order for Petitioner's federal sentence to run concurrently with the state sentence, the Bureau of Prisons designated the state facility for service of his federal sentence beginning on August 17, 2004. (Id.)

On September 12, 2005, Petitioner was released on parole from his state sentence. (Id. ¶ 7.) He remained in federal custody and is currently serving his sentence at the Federal Correctional

2

Institution in Sandstone, Minnesota ("FCI-Sandstone"). (Buege Decl. ¶ 3, Attach. A, Pub. Info. Data.) Petitioner's projected release date is December 24, 2008 with good time credit. (Daugherty Decl. ¶ 9.)

Petitioner initially filed a Motion for Clarification of Sentence in the Western District of Missouri. (Doc. No. 1.) The case was transferred to the District of Minnesota and construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Doc. No. 7.) In his motion, Petitioner seeks credit toward his federal sentence for the period of time from when he was removed from state custody via a federal writ of ad prosequendum through the day prior to the imposition of his federal sentence. Petitioner requests that this Court issue an order directing Respondent to credit that period of time against his federal sentence. Petitioner has not sought any administrative remedies on any level since his incarceration. (Buege Decl. ¶ 6, Attach. B, Admin. Remedy Gen. Retrieval Data Form.)

## II. DISCUSSION

### A. Failure to Exhaust Administrative Remedies

Exhaustion of administrative remedies is required prior to challenging the computation of a sentence and the application of jail time credit. United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000); United States v. Bayless, 940 F.2d 300, 304-05 (8th Cir. 1991); see also United States v. Wilson, 503 U.S. 329, 335 (1992) (prisoner can seek judicial review of sentence computation after exhausting administrative remedies).

The Bureau of Prisons has a three-part administrative remedy program designed to address a

---

[1] Petitioner filed a Motion for Clarification of Sentence Imposed which was at first categorized as a Motion for Post-Conviction Relief under 28 U.S.C. § 2255. It was then determined to be seeking relief under 28 U.S.C. § 2241, which must be brought in the district where Petitioner is incarcerated; thus the motion was transferred to the District of Minnesota. See Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995); Matthew v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002).

federal inmate's concerns regarding any aspect of his or her confinement. (Buege Decl. ¶ 4.) This procedure is found in Program Statement 1330.13, Administrative Remedy Program, and is also codified in 28 C.F.R. § 542. (Id.) This program is designed to allow inmates to voice their grievances and provides an opportunity to resolve issues in-house prior to an inmate seeking judicial relief. (Id.)

Under the program, an inmate must first attempt informal resolution of the complaint. If unsuccessful, the inmate must then raise his or her complaint to the warden of the institution where he or she is confined. (Buege Decl. ¶ 5.) The inmate may then appeal the warden's response to the Regional Director and then again to the Central Office of the Bureau of Prisons if dissatisfied with the Regional Director's response. (Id.) Once an inmate has received a final response from the Central Office, he or she has exhausted his or her administrative remedies. (Id.)

In this case, Petitioner has not sought any administrative remedies, on any level, regarding the calculation of his sentence. (Id. ¶ 6, Attach. B, Admin. Remedy Gen. Retrieval Data Form.) Thus, he has not exhausted his administrative remedies as required prior to filing his petition in federal court. While it is appropriate for this Court to dismiss the petition based on this reason alone, the Court will also proceed to the merits of the case.

**B.    Credit Against Petitioner's Federal Sentence**

Petitioner claims that he should receive credit against his federal sentence from October 29, 2003 through August 16, 2004. (Pet'r Mot. at 3-5.) On October 29, 2003, Petitioner was temporarily removed from the primary jurisdiction of the state of Missouri via a federal writ of ad prosequendum. (Daugherty Decl. ¶ 5, Attach. A, USMS Prisoner Tracking System Form). On August 17, 2004, Petitioner was sentenced for his federal crime. It is during that period of time that Petitioner is claiming

he did not receive credit for his time in custody.

"If, while under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign." United States v. Cole, 416 F.3d 894, 896-97 (8th Cir. 2005). "As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person." Id. Issuance of a writ of habeas corpus ad prosequendum does not change a defendant's custody status. Id. Petitioner's removal from the state by federal writ did not relinquish primary custody of the state. Munz v. Michael, 28 F.3d 795, 798 (8th Cir. 1994) (writ of habeas corpus ad prosequendum does not alter prisoner's custody status, but merely changes location of custody).

Petitioner's argument fails simply because he is incorrect in his assertion that he received no credit for that time period. He did receive credit, which was applied to his state sentence. "As Ramirez was serving a state sentence and received credit for the period of time from October 19, 2003 through August 16, 2004, against his state sentence . . . ." (Daugherty Decl. ¶ 8.) Thus, Petitioner's assertion that he received no credit for that time served is incorrect.

Since it has been established that the Petitioner received credit against his state sentence, the next step is to analyze if he may also receive credit against his federal sentence for that time period.

Under 18 U.S.C. § 3585(b), a defendant cannot receive double credit for his detention time. United States v. Kiefer, 20 F.3d 874, 875 n.1 (8th Cir. 1994). Double credit would contravene the proscriptions of § 3585(b). United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993); Moreland v. United States, 968 F.2d 655, 656 n.3 (8th Cir. 1992). The Attorney General, not the sentencing court,

determines credit for time spent in custody prior to commencement of a sentence. <u>Wilson</u>, 503 U.S. at 332-33.  Prior custody credit is governed by 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>   (1) as a result of the offense for which the sentence was imposed; or
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Pursuant to § 3585(a), a federal sentence commences when the defendant is received by the Attorney General for service of the federal sentence. <u>Reno v. Koray</u>, 515 U.S. 50, 58 (1995); <u>United States v. Cole</u>, 416 F.3d 894, 897 (8th Cir. 2005); <u>Kendrick v. Carlson</u>, 995 F.2d 1440, 1444 (8th Cir. 1993); <u>Greathouse v. United States</u>, 548 F.2d 225, 227 (8th Cir. 1977). A federal sentence does not begin to run when a federal defendant is produced for prosecution pursuant to a federal writ from state custody. <u>United States v. Mauro</u>, 436 U.S. 340, 362 (1978); <u>Munz v. Michael</u>, 28 F.3d 795, 798 (8th Cir. 1994); <u>McIntyre v. United States</u>, 508 F.2d 403, 404 (8th Cir. 1975).

In <u>Baker v. Tippy</u>, No. 99-2841, 2000 WL 1128285, at *1 (8th Cir. Aug. 10, 2000), a federal prisoner similarly claimed that he had not received credit for time served between the date he was transferred via a writ of habeas corpus ad prosequendum from state to federal custody and the date his state sentence expired. The court concluded that the prisoner was not entitled to credit against his federal sentence, pursuant to 18 U.S.C. § 3585(b).

In this case, the Court has found that Petitioner's state sentence was credited for the time period from October 29, 2003 through August 16, 2004.  Petitioner cannot receive credit against his

federal sentence since he received that credit against his state sentence.

Petitioner also claims that the federal sentencing court intended for him to receive credit for the period of time he was out on the federal writ from the State of Missouri, which was October 29, 2003 until August 16, 2004.  However, Petitioner has misinterpreted the sentencing transcript.  The federal sentencing court referred to a different period of time—from January 6, 2003 through October 29, 2003—in response to Petitioner's request to receive credit against his federal sentence for the time already served on his Missouri sentence.

> THE COURT:  So you're asking for credit from January 6 of '03 to October 29 of '03?
> MR. BERRIGAN:     Yes.
> THE COURT:  He would automatically get credit for time after that.
> MR. BERRIGAN:     That's correct.

(Pet'r Ex. A at 7, Fed. Sentencing Tr.) The court ultimately denied this request, which meant that Petitioner did not receive credit against his federal sentence for the time period from January 6, 2003 to October 29, 2003.

With respect to the sentencing court's intention for the period of time between October 29, 2003 and August 16, 2004, which is the period of time at issue in the petition at hand, the court commented that Petitioner "would automatically get credit for time after" October 29, 2003.  This in fact occurred.  Petitioner received credit for the time between October 29, 2003 and August 16, 2004 on his state sentence.  However, as the Court has explained in detail above, Petitioner was not entitled to receive credit against his federal sentence for the time period of October 29, 2003 until August 16, 2004, because he received that credit against his state sentence, and double-counting is not allowed. See, e.g., Baker, 2000 WL 1128285, at *1; 18 U.S.C. § 3585(b).  Moreover, the Attorney General,

not the sentencing court, determines credit for time spent in custody before the federal sentence commences. See Wilson, 503 U.S. at 332-33 ("A district court . . . cannot apply § 3585(b) at sentencing.").

### III. CONCLUSION

Petitioner has not exhausted his administrative remedies, nor has he established that he is entitled to a credit toward his federal sentence. The Court therefore recommends that Petitioner's habeas corpus petition be denied and that this action be dismissed with prejudice.

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED that**:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) be **DENIED**; and

2. This action be **DISMISSED WITH PREJUDICE**.


Dated: October 18, 2007

           s/ Susan Richard Nelson
           SUSAN RICHARD NELSON
           United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 2, 2007**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.