UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gilbert Ramirez,                                                                    Civil No. 06-4931 (PAM/SRN)

                Plaintiff,

v.                                                                                          **MEMORANDUM AND ORDER**

United States of America,

                Defendant.

This matter is before the Court on Plaintiff Gilbert Ramirez's Objections to the Report and Recommendation ("R&R") issued by Magistrate Judge Susan Richard Nelson on October 18, 2007. The R&R recommended that Ramirez's habeas corpus petition be dismissed with prejudice. The Court has conducted a de novo review of the Objections and the record. See 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). Based on the record and Ramirez's Objections, the Court adopts the R&R, overrules the objections, and dismisses the petition with prejudice.

**BACKGROUND**

Ramirez commenced this matter by filing a Motion for Clarification of Sentence Imposed in the United States District Court for the Western District of Missouri. The sentencing court construed the Motion as a habeas corpus petition arising under 28 U.S.C. § 2241 and ordered that the matter be transferred to the District of Minnesota because Ramirez was incarcerated at the Federal Correctional Institution in Sandstone, Minnesota

1

("FCI-Sandstone").

On January 6, 2003, Ramirez was arrested while on parole from the State of Missouri, taken into state custody, and charged in state court with possession of a controlled substance. (Daugherty Decl. ¶¶ 3-4.) He pled guilty to that charge and on August 28, 2003, was sentenced to four years in state prison. (Id. ¶ 4; Obj. to R&R Ex. B at 4 ("Sentencing Tr.").) On October 29, 2003, United States Marshals temporarily removed Ramirez from state custody pursuant to a writ of habeas corpus ad prosequendum[1] so he could face federal charges for possessing a firearm during a drug trafficking crime. (Daugherty Decl. ¶ 5.) On April 20, 2004, Ramirez pled guilty to the federal charge, and on August 17, 2004, was sentenced to five years in federal prison. (Id.)

At the sentencing hearing before United States District Judge Ortrie D. Smith, Ramirez made two oral motions. First, he requested that the court credit time between January 6, 2003, and October 29, 2003, against his federal sentence. Ramirez's counsel, Patrick J. Berrigan, explained that the federal charge arose "from the same facts and circumstances" as the state conviction and was brought approximately seven months after his state court guilty plea. (Sentencing Tr. at 5-7.) Berrigan stated that the basis for the motion was that it would be "inherently unfair to Mr. Ramirez" to not provide credit he would have received had the federal charge been brought before Ramirez pled guilty in state

---

[1] "A writ of habeas corpus ad prosequendum is a writ which issues when it is necessary to remove a prisoner in order to prosecute in the proper jurisdiction wherein the fact was committed." Munz v. Michael, 28 F.3d 795, 798 n.3 (8th Cir. 1994) (internal quotation and citation omitted).

court, although he stated that he had "not been able to find any case law, frankly, that deals with this issue." (Id. at 5-7.) The court denied the motion, stating: "I think I'll let Mr. Ramirez pay what he owes to the State of Missouri and pay what he owes to the United States, separately and independently." (Id. at 9.)

In the second motion, Ramirez requested that the court order that his five-year federal sentence run concurrently with his four-year state sentence. (Id. at 9.) Berrigan explained that in Missouri a second state sentence "automatically runs concurrent by operation of state law," but that a second federal sentence will run consecutively unless the court specifies otherwise. (Id.) Berrigan stated that the motion "really has no effect on [Ramirez's] federal sentence because he's going to go off and serve that today," but that the effect would be seen when Missouri state probation computed his state sentence and would rely on Judge Smith's order that Ramirez "should receive some credit on your Missouri time while in federal custody." (Id. at 11-12.) The court then granted the motion for concurrent sentences. (Id. at 12.) Berrigan then responded: "We agree that the sentence of five years seems to be required by statute, [and] is the appropriate sentence in this. Thank you." (Id. at 13-14.)

Ramirez began serving his federal sentence immediately after the August 17, 2004, sentencing. (Daugherty Decl. Attach. D.) On August 23, 2004, Judge Smith caused for the Judgment in a Criminal Case to be filed. The Judgment stated that Ramirez was to be sentenced "for a total term of 60 Months," and that "[t]he imposed sentence shall run concurrently with the State of Missouri case #CR103-1247F." (Daugherty Decl. Attach. C.)

Ramirez was returned to state custody on August 26, 2004. (Id. ¶ 6.) On that same

3

day, the Bureau of Prisons (BOP) issued a memorandum stating that because the court had "recommended the Federal sentence run concurrently with the State sentence," the BOP had designated a Missouri Department of Corrections facility "for service of the Federal sentence." (Id. Attach. D.)   In that memorandum, the BOP stated that Ramirez's five-year sentence began on August 17, 2004, and that his projected release date was December 24, 2008.  (Id.)  The release date accounted for "Good Conduct Time."  (Buege Decl. ¶ 3.)  On September 12, 2005, the State of Missouri released Ramirez from his state sentence via parole to the United States Marshal's Service, and on October 12, 2005, he was designated to be incarcerated at FCI-Sandstone. (Daughterty Decl. ¶ 7.)

Ramirez's position in his Motion for Clarification of Sentence Imposed was that when the Bureau of Prisons computed his sentence for the federal offense, it failed to reduce the sentence by time spent in custody from October 29, 2003, through August 16, 2004.  This, according to Ramirez, ran contrary to the sentencing court's intent that this time be credited against his federal sentence.  Magistrate Judge Nelson found no legal or factual basis for Ramirez's position and recommended dismissal on the merits.[2]

---

[2] The R&R also recommended dismissal based on Ramirez's failure to exhaust administrative remedies related to challenging his sentence.  However, Ramirez has now provided the Court with documents indicating that he has exhausted administrative remedies, albeit in proceedings commenced only after the Government filed a response stating that he had failed to do so.  The Government agrees that Ramirez has exhausted "relevant administrative remedies."  (Resp. to Obj. at 2.)  However, the Government now contends—apparently for the first time—that this Court lacks subject matter jurisdiction over Ramirez's petition because he was required to challenge his sentence through a 28 U.S.C. § 2255 motion. Ramirez already filed a § 2255 motion, but the United States District Court for the Western District of Missouri construed it as a 28 U.S.C. § 2241 petition and

**DISCUSSION**

Ramirez's sole argument is that his incarceration violates federal law because the BOP, when computing his sentence, failed to follow the sentencing court's intention that his federal sentence be reduced by the nine and a half months he spent in custody from October 29, 2003, through August 16, 2004. Ramirez bases his claim entirely on excerpts from the sentencing proceeding's transcript. Specifically, Ramirez points to the sentencing court's exchange with Berrigan and Assistant United States Attorney David A. Barnes:

> THE COURT: So you're asking for credit from January 6 of '03 to October 29 of '03?
>
> BERRIGAN: Yes.
>
> THE COURT: He would automatically get credit for time after that.
>
> BERRIGAN: That's correct. And I have a second request if you would like to hear that as well?
>
> THE COURT: Let me hear Mr. Barnes' response to this first request.

(Sentencing Tr. at 7-8.)

Ramirez contends that when the sentencing court stated that he "would automatically get credit for time after" October 29, 2003, the court was referring to his federal sentence. Even if true, the court's statement was irrelevant for purposes of resolving the motion before it, which involved Ramirez's request that time <u>before</u> October 29, 2003, be credited against

---

transferred the case. Although prisoners generally are barred from challenging sentences in habeas corpus petitions, an exception exists when "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. That is the situation here. Accordingly, the Court will address the merits of Ramirez's petition.

his federal sentence. The sentencing court denied that motion.

The record as a whole strongly indicates that the sentencing court did not intend to suggest that the BOP reduce Ramirez's five-year federal sentence by nine and a half months. The Judgment in a Criminal Case, which Judge Smith signed, stated that the federal sentence was for "a total term of 60 Months." (Daugherty Decl. Attach. C.)  Judge Smith stated that Ramirez was to "pay what he owes to the United States, separately and independently." (Sentencing Tr. at 9.) Ramirez's counsel stated that the motion for concurrent sentences "has no effect" on the federal sentence, but instead would become relevant for purposes of computing his <u>state</u> sentence.[3] (Sentencing Tr. at 11-12.) After granting Ramirez's request for a concurrent sentence, his lawyer responded: "We agree that the sentence of five years seems to be required by statute, [and] is the appropriate sentence in this. Thank you." (<u>Id.</u> at 13-14.) These parts of the record strongly contradict Ramirez's position.

Further, the BOP—not the sentencing court—computes custody credit under 18 U.S.C. § 3585. <u>United States v. Wilson</u>, 503 U.S. 329, 332-34 (1992). A sentence "commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The BOP has correctly determined that Ramirez's five-year sentence commenced on August 17, 2004. The BOP must reduce that time pursuant to 18 U.S.C. § 3585(b), which states:

---

[3] The record does not reflect how the state computed Ramirez's state sentence. However, it appears that although he was sentenced to 48 months in state prison for the state offense, he was incarcerated for this offense for approximately 32 months—from January 6, 2003, through September 12, 2005.

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> <u>that has not been credited against another sentence</u>.

(Emphasis added.)  Here, Ramirez's release date is estimated to be December 24, 2008.  If released on that date, Ramirez will have served approximately four years and four months of a five-year sentence.

Ramirez concedes that he received credit against his state sentence for the time spent in custody for October 29, 2003, through August 16, 2004.  (<u>See</u> Obj. to R&R. at 2.)  Therefore, had the BOP computed Ramirez's release date by considering this additional nine-and-a-half-month period, it would have violated 18 U.S.C. § 3585(b) by crediting time that already had been "credited against another sentence."  18 U.S.C. § 3585(b).

The Eighth Circuit Court of Appeals' decision in <u>Baker v. Tippy</u>, 2000 WL 1128285 (8th Cir. Aug. 10, 2000) (per curiam), is almost squarely on point.  In that case, the § 2241 petitioner claimed that the BOP "had failed to credit, against his federal sentence, time he served between the date he was transferred via a writ of habeas corpus <u>ad prosequendum</u> from state to federal custody in order to face federal charges on a related offense, and the date his sentence expired." <u>Id.</u> at *1.  The court held that granting the petition would violate § 3585(b) and case law. <u>Id.</u> (citing <u>Wilson</u>, 503 U.S. at 331-35; <u>Munz v. Michael</u>, 28 F.3d

795, 798 (8th Cir. 1994) (writ of habeas corpus ad prosequendum does not alter prisoner's custody status, but merely changes location of custody); United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993) (double-counting would contravene § 3585(b)'s proscription)). Pursuant to this authority, the Court is required to dismiss Ramirez's § 2241 petition.

**CONCLUSION**

For purposes of Ramirez's § 2241 petition, neither the transcript from his sentencing proceedings nor federal law indicate that the BOP violated federal law or Ramirez's rights by failing to reduce his federal sentence for time spent in custody between October 29, 2003, and August 16, 2004. Accordingly, **IT IS HEREBY ORDERED** that:

1. Ramirez's Objections (Docket No. 16) are **OVERRULED**;

2. The R&R (Docket No. 14) is **ADOPTED**; and

3. Ramirez's 28 U.S.C. § 2241 petition (Docket No 1) is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: November 29, 2007

                                                    s/ Paul A. Magnuson
                                                    Paul A. Magnuson
                                                    United States District Court Judge